A jury convicted the defendant, Robert J. Perron, of operating a motor vehicle while under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24D.[2] The trial judge found the defendant guilty of his third OUI in a subsequent bench trial, G. L. c. 90, § 24 (1) (a ) (1). On appeal, the defendant argues that his motion to suppress statements he made to a State trooper regarding his alcohol consumption should have been allowed, and that the admission of the statements violated his right to Miranda warnings. See Miranda v. Arizona, 384 U.S. 436 (1966). He also contends that the Commonwealth failed to prove impairment. Concluding that the admission of the defendant's statements was harmful error, we reverse the judgment and set aside the verdict and finding on the charge of operating a motor vehicle under the influence of intoxicating liquor, subsequent offense.
Discussion. Testifying for the Commonwealth at trial, State Trooper Paul Bertozzi stated that on the night of his arrest, the defendant admitted to drinking "two small bottles of red wine" and assessed his level of intoxication at a "two" on a scale of one to ten, with one being completely sober. The defendant contends that these statements were inadmissible under Miranda, and we agree.
We review decisions on motions to suppress with deference "to the motion judge's findings of fact unless they are clearly erroneous," but "independently apply constitutional principles to the facts." Commonwealth v. Leahy, 445 Mass. 481, 485 (2005).
Absent exceptions inapplicable here, police must administer Miranda warnings when suspects are in custodial interrogations. See Commonwealth v. Simon, 456 Mass. 280, 289 (2010). A defendant may waive the rights conferred by Miranda, but only if he "actually understands the import of each Miranda warning." Commonwealth v. Garcia, 379 Mass. 422, 429 (1980). The Commonwealth must prove a valid waiver beyond a reasonable doubt, and we "indulge every reasonable presumption against waiver ...." Commonwealth v. Hoyt, 461 Mass. 143, 153 (2011), quoting Simon, 456 Mass. at 305-306 (Botsford, J., dissenting).
At the motion hearing, Bertozzi testified that he orally administered the warnings to the defendant upon his arrest and, further, that the defendant "indicate[d] that he understood those rights." However, on cross-examination, Bertozzi contradicted himself, testifying that the defendant never "indicated to [me] at all that he understood those rights," that "he was waiving those rights," or "that he wanted to speak to [me] about the incident." No one gave the defendant Miranda warnings at any other time or in any other form.
At the conclusion of the hearing, the motion judge "credit[ed] the trooper's statements that he made relative to the issues that [were] raised," but he did not resolve the glaring conflict in the trooper's testimony and, thus, we cannot conclude that this unresolved conflicting testimony rises to proof beyond a reasonable doubt. Compare Commonwealth v. Flynn, 420 Mass. 810, 818 (1995) (when two contradictory inferences as to liability are equally strong, there is no proof beyond "a reasonable doubt"). The judge also made no explicit findings that the defendant understood the warnings or knowingly waived his Miranda rights.
Accordingly, in the absence of a supportable finding that the defendant understood the Miranda warnings and knowingly waived them, we cannot conclude that the defendant waived his Miranda rights beyond a reasonable doubt. See Commonwealth v. Jones-Pannell, 472 Mass. 429, 436-437 (2015) (we should not supplement "motion judge's findings of fact with evidence in the record that was not included in the judge's findings, and as to which the judge made no statement of credibility, on the assertion that the judge implicitly credited that testimony").
We turn now to "whether the admission of the defendant's statements was harmless beyond a reasonable doubt." Hoyt, 461 Mass. at 154. To answer that question, "we analyze the case to see whether the error might have had an effect on the jury or contributed to the verdicts, and whether the Commonwealth's evidence was ' "merely cumulative" of evidence properly before the jury,' ... or was overwhelming without the erroneously admitted evidence." Commonwealth v. Dagraca, 447 Mass. 546, 553 (2006), quoting Commonwealth v. Sinnott, 399 Mass. 863, 872 n.8 (1987).
Here, the defendant's impaired ability to drive safely was the only contested issue at trial. The Commonwealth introduced testimony as to the defendant's slurred speech, glassy eyes, and the odor of alcohol coming from his breath. However, absent the defendant's statement, there was no evidence as to the amount or type of alcohol the defendant had consumed. The Commonwealth also introduced evidence of the defendant's poor performance on his field sobriety tests but, again, absent the defendant's admission to consuming two small bottles of wine, the jury might have accepted the defendant's explanation that a prior back injury resulting in two broken bones and not alcohol interfered with his ability to perform these tests properly. In our view, therefore, the Commonwealth's evidence, which may have been sufficient -- see Commonwealth v. Connolly, 394 Mass. 169, 173 (1985) (must prove "diminished capacity" to operate; erratic driving unnecessary to prove impairment) -- was not overwhelming.[3] Accordingly, we conclude that the defendant's statements could have materially influenced the verdict. Therefore, on the charge of operating a motor vehicle under the influence of intoxicating liquor, subsequent offense, the judgment is reversed and the verdict and finding are set aside. The remaining judgments are affirmed.
So ordered.
Reversed in part; affirmed in part.

The jury also convicted the defendant of negligent operation and failing to stop for police. The trial judge found the defendant responsible for a marked lanes violation. None of these is before us in this appeal.

Concluding as we do, we need not separately address the defendant's sufficiency claim, which would require, in any event, that we include the improperly admitted statements in our analysis. See Commonwealth v. DiBenedetto, 414 Mass. 37, 45-46 (1992)